NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KEISHAWN BROWN, | : | |
| | : | CIV. NO. 20-16360 (RMB-JS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OFC. SAWYER, | : | |
| | : | |
| Defendant | : | |

BUMB, DISTRICT JUDGE

Plaintiff Keishawn Brown, a prisoner incarcerated in Garden State Correctional Facility ("GSCF") in Yardville, New Jersey, filed this civil rights action pro se on November 17, 2020. (Compl., Dkt. No. 1.) Plaintiff has submitted an application which establishes his financial eligibility to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) ("IFP application," Dkt. No. 1-1.)

I.  SUA SPONTE DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee for a civil action against a government entity or employee or based on prison conditions, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1)

frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at

679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

For the purpose of screening the complaint under 28 U.S.C. §§ 1915, 1915A and 42 U.S.C. § 1997e, the Court accepts Plaintiff's allegations as true. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. He alleges that on May 1, 2020 at Bayside State Prison, Officer Sawyer called Plaintiff out of the shower line and told him he could not take a shower. Plaintiff called Sawyer a name, and Sawyer responded by spraying Plaintiff in the eyes with pepper spray. Plaintiff seeks money damages against Sawyer for excessive force. Therefore, the Court construes Plaintiff as raising an Eighth Amendment claim under 42 U.S.C. § 1983 against Sawyer in his individual capacity.

Plaintiff also brings a claim against J. Gramp, the Administrator at Bayside State Prison.[1] Plaintiff alleges that Bayside State Prison is on lockdown and, to punish the inmates,

---

[1] Plaintiff did not include J. Gramp as a defendant in the caption of the complaint.

Gramp created a rule that allows only fifteen minutes for 24 inmates to use two telephones and the J-pay computers. Plaintiff seeks injunctive relief for more time to use the telephones and computers. The Court construes this as an Eighth Amendment conditions of confinement claim.

   B.   Section 1983 Claims

   42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

   To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

   Plaintiff's Eighth Amendment excessive force claim against Officer Sawyer may proceed, although this does not mean the Court

has made a finding that the claim has merit.[2] The Eighth Amendment standard for a conditions of confinement claim

> requires a showing that the alleged deprivation is "sufficiently serious" and … the inmate has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 … (1994) (citing Rhodes v. Chapman, 452 U.S. 337 … (1981)). An inmate must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson [v. McMillian], 503 U.S. [1,] 8-9 [1992]….

Dockery v. Beard, 509 F. App'x 107, 112 (3d Cir. 2013). A rule that permits only fifteen minutes for 24 inmates to use two telephones and the J-pay computers during a prison lockdown is not sufficiently serious to deprive inmates of the "minimal civilized measure of life's necessities." The Court will dismiss this claim against Administrator J. Gramp without prejudice for failure to state a claim.

III. CONCLUSION

The Court will grant Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, and permit the complaint to proceed in part and dismiss it in part.

---

[2] The Court expects such claim is brought in good faith. Any claim that is brought in bad faith is subject to sanctions.

DATE:  **February 18, 2021**

                                               <u>s/Renée Marie Bumb</u>
                                               **RENÉE MARIE BUMB**
                                               **United States District Judge**